**3.1 Introduction**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:17-cv-00052-T-33AEP

DYLAN TOMPKINS-HOLMES,

     Plaintiff,

vs.

DEPUTY TIMOTHY VIRDEN,
Individually,

     Defendant.

                                  /

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Dylan Tompkins-Holmes, claims the Defendant, Deputy Timothy Virden, used excessive force when he shot him twice after being searched and handcuffed. Deputy Timothy Virden denies those claims and believes the use of force was justifiable based on the totality of the circumstances.

Burden of proof:

Dylan Tompkins-Holmes has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Dylan Tompkins-Holmes must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Dylan Tompkins-Holmes and the evidence favoring Deputy Timothy Virden on opposite sides of balancing scales, Dylan Tompkins-Holmes needs to make the scales tip to his side. If Dylan Tompkins-Holmes fails to meet this burden, you must find in favor of Deputy Timothy Virden.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all

witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Dylan Tompkins-Holmes will present his witnesses and ask them questions. After Dylan Tompkins-Holmes questions the witness, Deputy Timothy Virden may ask the witness questions – this is called "cross-examining" the witness. Then Deputy Timothy Virden will present his witnesses, and Dylan Tompkins-Holmes may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## 2.1 Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

## 2.3 Use of Recorded Conversations and Transcripts

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

[In this case, there are two transcripts because there is a difference of opinion about what is said on the recording. You may disregard any portion of one or both transcripts if you believe they reflect something different from what you hear on the recording. It's what you hear on the recording that is evidence – not the transcripts.]

## 2.5 Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

## 2.6 Use of Interrogatories

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

## 3.2 The Duty to Follow Instructions – No Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

### 3.3 Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## 3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.5.2 Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.6.1 Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

### 3.6.2 Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim[s] by a preponderance of the evidence, you should find for the Defendant as to that claim.

### 3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence

In this case, the Defendant DEPUTY TIMOTHY VIRDEN asserts the affirmative defense of Qualified Immunity.  Even if the Plaintiff proves his claims by a preponderance of the evidence, Defendant DEPUTY TIMOTHY VIRDEN can prevail in this case if he proves an affirmative defense by a preponderance of the evidence.

I caution you that the Defendant does not have to disprove the Plaintiff's claims, but if the Defendant raises an affirmative defense, the only way he can prevail on that specific defense is if he proves that defense by a preponderance of the evidence.

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**5.4 – Plaintiff's Requested Version (Defendant Objects)**
**Civil Rights – 42 U.S.C. § 1983 Claims – Fourth or Fourteenth**
**Amendment Claim – Private Person or Pretrial Detainee Alleging**
**Excessive Force**

In this case, Dylan Tompkins-Holmes claims that Deputy Timothy Virden, while acting under color of law, intentionally committed acts that violated Dylan Tompkins-Holmes' constitutional right to be free from the use of excessive or unreasonable force during an arrest.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer—even though the arrest is otherwise made in accordance with the law.

To succeed on this claim, Dylan Tompkins-Holmes must prove each of the following facts by a preponderance of the evidence:

First:    That Deputy Timothy Virden intentionally or negligently committed acts that violated Dylan Tompkins-Holmes' constitutional right not to be subjected to excessive or unreasonable force during an arrest;

Second:    That Deputy Timothy Virden's conduct caused Dylan Tompkins-Holmes' injuries; and

Third:    That Deputy Timothy Virden acted under color of law. The parties have agreed that Deputy Timothy Virden acted under color of law, so

you should accept that as a proven fact.

For the first element, Dylan Tompkins-Holmes claims that Deputy Timothy Virden used excessive force when arresting him. When making a lawful arrest, an officer has the right to use reasonably necessary force to complete the arrest. Whether a specific use of force is excessive or unreasonable depends on factors such as the crime's severity, whether a suspect poses an immediate violent threat to others, whether the suspect resists or flees, the need for application of force, the relationship between the need for force and the amount of force used, and the extent of the injury inflicted.

You must decide whether the force Deputy Timothy Virden used in making the arrest was excessive or unreasonable based on the degree of force a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances. Deputy Timothy Virden's underlying intent or motivation is irrelevant.

For the second element, Deputy Timothy Virden's conduct caused Dylan Tompkins-Holmes' injuries if Dylan Tompkins-Holmes would not have been injured without Deputy Timothy Virden's conduct, and the injuries were a reasonably foreseeable consequence of Deputy Timothy Virden's conduct.

For the third element, you must decide whether Deputy Timothy Virden acted under color of law. A government official acts "under color" of law when

acting within the limits of lawful authority. He also acts under color of law when he claims to be performing an official duty but his acts are outside the limits of lawful authority and abusive in manner, or he acts in a way that misuses his power and is able to do so only because he is an official.

If you find Dylan Tompkins-Holmes has proved each fact that he must prove, you must decide the issue of his damages. If you find that Dylan Tompkins-Holmes has not proved each of these facts, then you must find for Deputy Timothy Virden.

**(Defendant Objects to this instruction as it provides for the jury to find liability on the part of Deputy Virden for negligence when the claim against him is for an intentional violation of Plaintiff's 4th Amendment Rights under Section 1983).**

**5.4 – Defendant's Requested Version (Plaintiff Objects)**
**Civil Rights – 42 U.S.C. § 1983 Claims – Fourth or Fourteenth**
**Amendment Claim – Private Person or Pretrial Detainee Alleging**
**Excessive Force**

In this case DYLAN TOMPKINS-HOLMES claims that DEPUTY TIMOTHY VIRDEN, while acting under color of law, intentionally committed acts that violated DYLAN TOMPKINS-HOLMES's constitutional right to be free from the use of excessive or unreasonable force during an arrest.

Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer—even though the arrest is otherwise made in accordance with the law.

To succeed on this claim, DYLAN TOMPKINS-HOLMES must prove each of the following facts by a preponderance of the evidence:

First:     That DEPUTY TIMOTHY VIRDEN intentionally committed acts that violated DYLAN TOMPKINS-HOLMES' constitutional right not to be subjected to excessive or unreasonable force during an arrest;

Second:     That DEPUTY TIMOTHY VIRDEN's conduct caused DYLAN TOMPKINS-HOLMES' injuries; and

Third:     That DEPUTY TIMOTHY VIRDEN acted under color of law. The parties have agreed that DEPUTY TIMOTHY VIRDEN acted under color

of law, so you should accept that as a proven fact.

For the first element, DYLAN TOMPKINS-HOLMES claims that DEPUTY TIMOTHY VIRDEN used excessive force when arresting him. When making a lawful arrest, an officer has the right to use reasonably necessary force to complete the arrest. Whether a specific use of force is excessive or unreasonable depends on factors such as the crime's severity, whether a suspect poses an immediate violent threat to others, whether the suspect resists or flees, the need for application of force, the relationship between the need for force and the amount of force used, and the extent of the injury inflicted.

You must decide whether the force DEPUTY TIMOTHY VIRDEN used in making the arrest was excessive or unreasonable based on the degree of force a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances. DEPUTY TIMOTHY VIRDEN's underlying intent or motivation is irrelevant.

For the second element, DEPUTY TIMOTHY VIRDEN's conduct caused DYLAN TOMPKINS-HOLMES's injuries if DYLAN TOMPKINS-HOLMES would not have been injured without DEPUTY TIMOTHY VIRDEN's conduct, and the injuries were a reasonably foreseeable consequence of DEPUTY TIMOTHY VIRDEN's conduct.

For the third element, you must decide whether DEPUTY TIMOTHY

VIRDEN acted under color of law. A government official acts "under color" of law when acting within the limits of lawful authority. He also acts under color of law when he claims to be performing an official duty but his acts are outside the limits of lawful authority and abusive in manner, or he acts in a way that misuses his power and is able to do so only because he is an official.

If you find DYLAN TOMPKINS-HOLMES has proved each fact that he must prove, you must decide the issue of his damages. If you find that DYLAN TOMPKINS-HOLMES has not proved each of these facts, then you must find for DEPUTY TIMOTHY VIRDEN.

**(Plaintiff objects to this instruction as it does not account for Plaintiff's Taser theory. The Court in denying Virden's Motion for Summary Judgment (Doc. 108, p. 10) recognized that the "oh shit" comment, if the jury finds it was uttered by Virden, could be the result of Virden discharging his gun instead of his Taser as Deputy Randall testified to.)**

## 5.13 – Plaintiff's Version (Defendant Objects)
## Civil Rights – 42 U.S.C. § 1983 Claims – Damages

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Dylan Tompkins-Homes' damages—no more, no less. You must not impose or increase these compensatory·damages to punish or penalize Deputy Timothy Virden. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of the injury. Dylan Tompkins-Holmes does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate him/her for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Dylan Tompkins-Holmes has proved them by a preponderance of the evidence, and no others: [List recoverable damages, e.g.:

(a)    The reasonable value of medical care and supplies that Dylan Tompkins-Holmes reasonably needed and actually obtained, and the present value of medical care and supplies that Dylan Tompkins-Holmes is reasonably certain to need in the future;

(b)    Dylan Tompkins-Holmes' physical injuries, including ill

health, physical pain and suffering, disability, disfigurement, and discomfort, including such physical harm that Dylan Tompkins-Holmes is reasonably certain to experience in the future;

(c) Wages, salary, profits, and the reasonable value of working time that Dylan Tompkins-Holmes lost because of his inability or diminished ability to work, and the present value of such compensation that Dylan Tompkins-Holmes is reasonably certain to lose in the future because of his inability or diminished ability to work;

(d) Dylan Tompkins-Holmes' mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that Dylan Tompkins-Holmes is reasonably certain to experience in the future; and

(e) The reasonable value of Dylan Tompkins-Holmes' property that was lost or destroyed because of Deputy Timothy Virden's conduct.

**(Defendant Objects to this instruction as it is incomplete and omits the instruction for mitigation of damages and nominal damages.)**

## 5.13 – Defendant's Version (Plaintiff Objects)
## Civil Rights – 42 U.S.C. § 1983 Claims – Damages

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of DYLAN TOMPKINS-HOLMES's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize DEPUTY TIMOTHY VIRDEN. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of the injury. DYLAN TOMPKINS-HOLMES does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that DYLAN TOMPKINS-HOLMES has proved them by a preponderance of the evidence, and no others: [List recoverable damages, e.g.:

(a)    The reasonable value of medical care and supplies that DYLAN TOMPKINS-HOLMES reasonably needed and actually obtained, and the present value of medical care and supplies that DYLAN TOMPKINS-HOLMES is reasonably certain to need in the future;

(b)   DYLAN TOMPKINS-HOLMES's physical injuries, including ill health, physical pain and suffering, disability, disfigurement, and discomfort, including such physical harm that DYLAN TOMPKINS-HOLMES is reasonably certain to experience in the future;

(c)   Wages, salary, profits, and the reasonable value of working time that DYLAN TOMPKINS-HOLMES lost because of his inability or diminished ability to work, and the present value of such compensation that DYLAN TOMPKINS-HOLMES is reasonably certain to lose in the future because of his inability or diminished ability to work;

(d)   DYLAN TOMPKINS-HOLMES's mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that DYLAN TOMPKINS-HOLMES is reasonably certain to experience in the future; and

(e)   The reasonable value of DYLAN TOMPKINS-HOLMES's property that was lost or destroyed because of DEPUTY TIMOTHY VIRDEN's conduct.

**Nominal Damages:** You may award $1.00 in nominal damages and no compensatory damages if you find that: (a) DYLAN TOMPKINS-

HOLMES has submitted no credible evidence of injury; or (b) DYLAN TOMPKINS-HOLMES's injuries have no monetary value or are not quantifiable with any reasonable certainty; or (c) DEPUTY TIMOTHY VIRDEN used both justifiable and unjustifiable force against DYLAN TOMPKINS-HOLMES and it is entirely unclear whether DYLAN TOMPKINS-HOLMES's injuries resulted from the use of justifiable or unjustifiable force.

**Mitigation of Damages:** Anyone who claims loss or damages as a result of an alleged wrongful act by another has a duty under the law to "mitigate" those damages—to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage. So, if you find that DEPUTY TIMOTHY VIRDEN has proved by a preponderance of the evidence that DYLAN TOMPKINS-HOLMES did not seek out or take advantage of a reasonable opportunity to reduce or minimize the loss or damage under all the circumstances, you should reduce the amount of DYLAN TOMPKINS-HOLMES's damages by the amount that he could have reasonably received if he had taken advantage of such an opportunity.

**(Plaintiff objects to this instruction as it includes Nominal Damages and Mitigation of Damages language. Defendant has not raised either of these defenses in his pleadings, and there is no witness or evidentiary support for these defenses. Further, the notes to this instruction indicate that the Nominal Damages portion of this instruction applies under very limited circumstances in excessive force claims – none of which are present in this case. *Slicker v. Jackson*, 215 F. 3d 1232 (11th Cir. 2000).**

### 3.9 Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

## APPENDIX A – PLAINTIFF'S REQUESTED
### (Defendant Objects)

## CIVIL RIGHTS – SPECIAL INTERROGATORIES – 42 U.S.C. § 1983 CLAIMS

### SPECIAL INTERROGATORIES TO THE JURY

**Do you find from a preponderance of the evidence:**

1. That Dylan Tompkins-Holmes has proved that his constitutional right to be free from excessive or unreasonable force while being arrested was violated?

Answer Yes or No     _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2. That Dylan Tompkins-Holmes should be awarded compensatory damages against Deputy Timothy Virden?

Answer Yes or No     _____

If your answer is "Yes," in what amount?   $_____

SO SAY WE ALL.

_____<br>Foreperson's Signature

DATE: _____

**(Defendant Objects to this Verdict/Interrogatory Form as it does not address the qualified immunity issues, it does not address the elements of the claim, and it does not break out the damages that may be awarded so that the Court may address any setoffs.)**

## SPECIAL INTERROGATORIES TO THE JURY – DEFENDANT'S REQUESTED (PLAINTIFF OBJECTS)

**Do you find from a preponderance of the evidence:**

1. That DEPUTY TIMOTHY VIRDEN reasonably believed when he heard a "click click" and felt a tug on his holster that DYLAN TOMPKINS-HOLMES had reached for and grabbed DEPUTY TIMOTHY VIRDEN'S firearm in an attempt to cause harm to DEPUTY TIMOTHY VIRDEN and/or Deputy Randall resulting in DYLAN TOMPKINS-HOLMES being shot twice on December 30, 2015?

   Authority: Chaney v. City of Orlando, 291 Fed. App. 238, 241 (11th Cir. 2008), citing Johnson v. Breeden, 280 F.3d 1308, 1317 (11th Cir. 2002).

   Answer Yes or No          _____

   If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.

2. That DEPUTY TIMOTHY VIRDEN intentionally committed acts that violated DYLAN TOMPKINS-HOLMES's right to be secure in his person and be free from the use of unreasonable force?

   Answer Yes or No          _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

3. That DEPUTY TIMOTHY VIRDEN's actions were "under color" of state law?

Answer Yes or No     _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

4. That DEPUTY TIMOTHY VIRDEN's conduct caused DYLAN TOMPKINS-HOLMES's injuries?

Answer Yes or No     _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

4.a. That DYLAN TOMPKINS-HOLMES should be awarded compensatory damages against DEPUTY TIMOTHY VIRDEN?

Answer Yes or No      _____

If your answer is "Yes," in what amount?

| | |
|---|---|
| Past Medical Bills: | $ _____ |
| Future Medical Bills: | $ _____ |
| Past Wage Loss: | $ _____ |
| Future Wage Loss: | $ _____ |
| Pain and Suffering: | $ _____ |

Total:       $ _____

– OR –

4.b. That DYLAN TOMPKINS-HOLMES should be awarded nominal damages against DEPUTY TIMOTHY VIRDEN?

Answer Yes or No      _____

If your answer is "Yes," in what amount?       $ _____

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____

**(Plaintiff objects to this non-standard verdict form as it includes highly argumentative interrogatories from Virden and the standard form accounts for all necessary elements of this claim.)**

**Officer's use of force. – Defendant's Requested Instruction
(Plaintiff Objects)**

An officer's use of force is excessive under the Fourth Amendment if the use of force was "objectively [un]reasonable in light of the facts and circumstances confronting" the officer. The totality of the circumstances must be considered, and the test of reasonableness "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."

Reasonableness is "judged from the perspective of the reasonable officer on the scene" without the benefit of hindsight. This standard "allow[s] for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.

Souce:   *Graham v. Connor,* 490 U.S. 386,395 (1989); *Shehade v. Tavss,* 965 F.Supp.2d 1358, 1372-73 (S.D. Fla.2013).

**(Plaintiff objects to this instruction as it is an argumentative, non-standard instruction.  Further, *Graham* factors are expressly accounted for in the standard instruction.)**